**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Roberto Miranda, | No. |
| *Plaintiff*, | |
| -against- | **COMPLAINT** |
| | |
| Lexington United LLC; and John Doe Defendant, | **Jury Trial Demanded** |
| | |
| *Defendants.* | |

Plaintiff Roberto Miranda ("Plaintiff"), by and through his undersigned attorney, Mohammed Gangat, Esq., as and for his Complaint against defendants Lexington United LLC, and John Doe Defendant (collectively, "Defendants"), alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

<u>NATURE OF THE ACTION</u>

1.      Pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff is entitled to recover from Defendants: (1) unpaid minimum wages; (2) unpaid overtime wages; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.      Pursuant to the New York Labor Law ("NYLL"), Plaintiff is entitled to recover from Defendants: (1) unpaid minimum wages; (2) unpaid overtime wages; (3) unpaid spread-of-hours premium; (4) statutory damages arising out of Defendants' failure to provide required wage and hour law notices; (5) liquidated damages and civil penalties pursuant to NYLL and the New York State Wage Theft Prevention Act; (6) prejudgment and postjudgment interest; and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because at least one defendant resides in the district and the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is a resident of New York County, New York.

6.      Defendant Lexington United LLC, is a domestic limited liability company organized and existing under the laws of the State of New York.

7.      As of the date of the filing of this Complaint, Defendant Lexington United LLC is listed in the New York Department of State's records as an active entity with a process service address of 165 Madison Avenue, Suite 300, New York, NY, 10016.

8.      At all relevant times, the Entity Defendant owned and operated a residential building located at 127 E 102nd St, New York, NY 10029, where the Plaintiff was employed as a labor worker.

9.      The work performed by Plaintiff was integral to the business operated by Defendants.

10.     Upon information and belief, John Doe Defendant (the "Individual Defendant") is an individual engaging (or who was engaged) in business in New York during the relevant time

period, known to Plaintiff as "Rony".  This defendant is sued individually in his capacity as owner, officer and/or agent of Defendants Lexington United LLC.

11.     John Doe Defendant  is an individual believed to residing in County of New York, State of New York.

12.     John Doe Defendant at all relevant times actively participates in the day-to-day operations of the Entity Defendant.

13.     John Doe Defendant is a fictitious term used to denote an individual whose full legal name is not currently known to Plaintiff.  Plaintiff intends to amend this complaint to include the full legal name upon learning the same through discovery in this action.

14.     Upon information and belief, at all times relevant to the allegations in this Complaint, the Entity Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that at all relevant times it (i) had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) had an annual gross volume of sales of not less than $500,000.

15.     Upon information and belief, at all relevant times, Defendants jointly employed Plaintiff and had the power to hire and fire him, supervised and controlled his work schedules and the conditions of his employment, determined the rate and method of their payment, and maintained his employment records.

16.     Defendants acted intentionally and maliciously and are an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and the Regulations thereunder, and are jointly and severally liable with one another.

17.     Defendants exercise control over the terms and conditions of their employees' employment, including Plaitniff's employment, in that they have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

18.     At all relevant times, Defendants continuously employed Plaintiff to work as a non-exempt employee for the Defendants' company.

19.     Defendants are responsible under the law to maintain employment records of the Plaintiff's employment including records of wages paid and hours worked.

## STATEMENT OF FACTS

20.     Plaintiff was hired by John Doe Defendant to work at a residential building owned and operated by Defendants, located at 127 E 102nd St, New York, NY 10029.

21.     Plaintiff started working for Defendants in or around November 2016 and the employment ended on or around April 5, 2020.

22.     Plaintiff worked as a labor worker.

23.     At the beginning of the employment, Plaintiff worked 2 days per week, from about 10am to about 7pm, to clean all six floors of the building. Additionally, Plaintiff was required to recycle trash 7 days per week which took about 15 hours in total. He worked about 33 hours per week, or about 132 hours per month and was paid about $400 per month.

24.     After about one month, Plaintiff's job duties increased, but he was paid less.

25.     From about December 2016 to the end of the employment, Plaintiff was required to recycle trash, clean floors, assist tenants, fix apartments and basement, and supervise and handle heating oil. Plaintiff also gave the tenants and maintenance company his personal number to handle

reapir work in the building and was on call 24/7. Plaintiff worked 7 days per week, from about 10am to about 7pm. Occasionally, he was required to work from 8am to 10pm. During this time period, Plaintiff worked about 70 hours per week, or about 280 hours per month and was paid $350 per month.

26.     On or about April 5, 2020, Plaintiff was sick from Covid-19 and told John Doe Defendant that he cannot return to work.

27.     For the majority of the employment, Plaintiff routinely worked in excess of forty hours per week.

28.     Throughout the employment, Defendants failed to compensate Plaintiff at a level at or above minimum wage for the first forty hours worked plus time and one-half the minimum wage for all hours worked over forty in a workweek.

29.     A comparison of the wages Defendants paid to Plaintiff against the wages that were due under New York wage-and-hour laws, specifically, (i) the New York State mandated minimum wage; (ii) the New York State mandated overtime wage; and (iii) the New York State required spread of hours laws, reveals that Plaintiff has been grossly underpaid.

30.     With each payment of wages, Defendants failed to provide Plaintiff with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates or pay; the number of regular hours worked; and the number of overtime hours worked, as required by law.

31.     Upon information and belief, Defendants also failed to keep full and accurate records of Plaintiff's hours and wages in violation of the New York Labor Law §§ 195, 661.

32.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient time and pay records.

33.     The relevant statutory period for purposes of this suit is the six year preceding the date of the filing of the complaint.

## STATEMENT OF CLAIM

### FIRST CAUSE OF ACTION: FLSA MINIMUM WAGE

34.     Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

35.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

36.     Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C.  §§ 206(a) and 207(a).

37.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

38.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

39.     Defendants violated the rights of Plaintiff by failing to pay him the minimum wage for each hour worked in each discrete work week, in violation of the FLSA, 29 U.S.C § 206(a)(1).

40.    Defendants is liable to Plaintiff for his unpaid minimum wages, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION: FLSA OVERTIME

41.    Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

42.    Defendants violated the rights of Plaintiff by failing to pay overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 per week, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

43.    Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of the FLSA, 29 U.S.C § 255.

44.    Defendants are liable to Plaintiff for unpaid overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs.

## THIRD CAUSE OF ACTION: NYLL MINIMUM WAGE

45.    Plaintiff alleges and incorporates by reference the allegations contained in the preceding paragraphs.

46.    Defendants violated the rights of Plaintiff by failing to pay him the minimum wage for each hour worked in violation of the NYLL.

47.    As a result of Defendants' violation of the NYLL, Plaintiff is entitled to the minimum rate of pay that he was legally due under the NYLL's minimum wage provisions as well as liquidated damages, interest, attorney's fees.

## FOURTH CAUSE OF ACTION: NYLL OVERTIME AND SPREAD OF HOURS

48.     Plaintiff alleges and incorporates by reference the allegations contained in the preceding paragraphs.

49.     NYLL § 160 requires employers to compensate their employees at a rate not less than one-and-one-half times their regular rate of pay for any hours worked in excess of 40 per week.

50.     Likewise, New York law requires employers to compensate employees for one additional hour of pay for each day when the employee works in excess of ten hours.

51.     Plaintiff was required to work in excess of 40 hours per week and in excess of 10 hours per day without being compensated for those hours at the statutorily required rate. Defendants' violation was willful and lasted for the duration of all relevant time periods.

52.     Defendants are therefore liable to Plaintiff for his unpaid overtime compensation, plus liquidated damages, reasonable attorneys' fees and costs, and any other appropriate relief.

## FIFTH CAUSE OF ACTION: NYLL ANNUAL NOTICE

53.     Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

54.     Pursuant to NYLL 195(1)(a), every employer is required to provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one if this article; the name of the employer; any

"doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

55.    Defendants knowingly failed to comply with this provision by failing to provide Plaintiff with any kind of notice at the time of hiring or annually, whatsoever, let alone a notice meeting the requirements laid out in Section 195(1)(a).

56.    NYLL § 198(1)(b) provides that any employee not provided such notice may collect damages for $50 for each work day that the violation occurred or continued to occur, up to a total of $5,000 per employee (together with costs and reasonable attorneys' fees as well as appropriate injunctive and/or declaratory relief).

57.    During the course of Plaintiff's employment, Defendants consistently and willfully failed to provide him with adequate annual notices as required by New York law.

58.    Defendants are therefore liable to Plaintiff in the amount of $5,000 per employee, plus reasonable attorney's fees and costs, and any other relief appropriate pursuant to NYLL § 198.

**SIXTH CAUSE OF ACTION: NYLL WAGE STATEMENTS**

59.    Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

60.    Pursuant to NYLL § 195(3), every employer is required to furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay

and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances; if any, claimed as part of the minimum wage; and net wages.

61.     Defendants knowingly failed to comply with this provision by failing to provide Plaintiff with wage statements meeting the requirements under NYLL § 195(3).

62.     NYLL § 198(1)(d) provides that any employee not provided appropriate wage statements may collect damage of $250 for each work day that the violation occurred or continued to occur, up to a total of $5,000 per employee (together with costs and reasonable attorneys' fees as well as appropriate injunctive and/or declaratory relief).

63.     During the course of Plaintiff's employment, Defendants consistently and willfully failed to provide him with adequate wage statements as required by New York law.

64.     Defendants are therefore liable to Plaintiff in the amount of $5,000 per employee, plus reasonable attorney's fees and costs and any other relief appropriate pursuant to NYLL § 198.

## SEVENTH CAUSE OF ACTION:

### FAILURE TO PAY WEEK WAGE IN VIOLATION OF THE NYLL

65.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66.     NYLL § 191(1) requires employers to pay "manual workers" on at least as frequently as a weekly basis.

67.     As described above, Plaintiff was a "manual worker" under the NYLL in that at least 25% of his work was spent performing manual tasks.

68.     As also described above, Defendants failed to compensate Plaintiff on a weekly basis, in violation of NYLL § 191(1)(a).

69.     As a result of Defendants' failure to pay him his wages in a timely manner, Plaintiff is entitled to liquidated damages in an amount equal to 100% of each late payment, as well as interest and attorneys' fees.

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, Roberto Miranda, respectfully requests that this Court grant the following relief:

i.      An award for unpaid minimum wage and unpaid overtime compensation due under the FLSA and NYLL;

ii.     An award for unpaid spread-of-hours premium and for late wage payments due under the NYLL;

iii.    An award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

iv.     An award of liquidated damages as a result of Defendants' failure to pay minimum wage, overtime, spread-of-hours, and make timely wage payments pursuant to the New York Labor Law and the New York  State  Wage  Theft  Prevention Act;

v.      An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

vi.     An award of prejudgment and post-judgment interest;

vii.    An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

viii.   Such other and further relief as this Court determines to be just and proper.

ix.     Award Plaintiff, any relief requested or stated in the preceding paragraphs, but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in

addition to the relief requested in the wherefore clause/prayer for relief;

x.       Award Plaintiff such other, further and different relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all question of facts raised by the Complaint.

Dated:  New York, New York
         December 22, 2020

                                        Respectfully Submitted,


                             **LAW OFFICE OF MOHAMMED GANGAT**


                             By:  _____
                                  Mohammed Gangat, Esq.
                                  675 Third Avenue, Suite 1810
                                  (718) 669-0714
                                  mgangat107@gmail.com

                                  *Attorneys for Plaintiff Roberto Miranda*